"The jury being impaneled and charged with this cause, find the following facts: That Daniel Bernard and the plaintiff, Walker, were possessed of the several lots mentioned in the petition, under a (303) conveyance made by Solomon Ogden, dated 25th October, 1783, referring thereto; that the petitioner, Walker, obtained a judgment and execution against Daniel Bernard; that on the sale made in pursuance of said execution to satisfy said judgment, the petitioner, Walker, directed the sheriff to sell the lot No. 231, mentioned in the defendant's answer; that the said petitioner, Walker, was present at the sale of said lot, No. 231, and that the same was then purchased by the defendant, Johnston, and was conveyed to him, the said Johnston, by the sheriff of New Hanover County, for a valuable consideration, and that the defendant, Johnston, became possessed of said lot in pursuance of said sale."
Upon which special verdict the county court pronounced judgment in favor of the defendant, Johnston, against the prayer of the petition, from which the plaintiff appealed.
The question is, whether the facts and proceedings found by the above verdict to have been done by John Walker, amount to a severance or partition of the interests of the said tenants in common.
The only privity by which tenants in common are united is that of possession, and even this proceeds from the impossibility of each tenant ascertaining which is his own part; when the respective severalties can be ascertained, the tenancy is dissolved. A deed is not necessary in all cases to make partition between them; for it may be done by parol, if done upon the land, this amounting to a livery in law, and is in its nature as well calculated to give notoriety to the transaction as if the parties had entered into a deed. If there be any case wherein a partition is good by parol, the circumstances stated in this special verdict are such as would have warranted a jury to infer the existence of whatever was necessary to complete it, and as a matter of evidence, the partition might have safely been presumed. And although the facts found may not amount to a legal partition since the Court cannot supply any conclusions of facts, yet they are such as plainly estop the petitioner from a division of the lot in question. The judgment obtained (304) by him, the sale of this lot, by his direction and in his presence, and the receipt of his debt out of the produce, amount to a strong assurance to the purchaser, that it was the separate property of Bernard; and he had reason to feel himself safe in going on to improve the *Page 257 
property and render it more valuable. The petitioner is therefore debarred by these acts from claiming any benefit from the lot; for could it be even supposed that no severance had ever taken place, notwithstanding these indications of it, proceeding from a person to whom it must have been known, yet the circumstances of his standing by and concealing his title, or rather disclaiming any title by ordering the sale, are alone sufficient to authorize the Court to pronounce a judgment for the defendants. In this case the sheriff and Walker may be considered as tenants in common, who mutually consented to a partition in the premises.
NOTE. — Tenants in common of lands cannot make partition by parol.Anders v. Anders, 13 N.C. 529; McPherson v. Seguine, 14 N.C. 153.